The Honorable Bill Clinton Office of the Governor State Capitol Building Little Rock, AR 72201
Dear Governor Clinton:
This is in response to your request for an opinion regarding certain appointments made pursuant to Act 593 of 1987, as amended by Act 40 of the First Extraordinary Session of 1987, which is codified at Arkansas Code of 1987 Annotated 20-81-101, et seq. (Supp. 1987)
According to your correspondence, you signed an appointment document on April 13, 1988, appointing a certain individual to a term on the Health Services Commission. An appointment document was executed in your absence on April 14, 1988, by the Senate President Pro Tem, with respect to this same position. His appointee took an oath of office on April 15, 1988. Your appointee took the oath on April 19, 1988. The question posed is whether your appointment was terminated by the Senate President Pro Tem's subsequent appointment which occurred prior to your appointee taking the oath of office and filing documentation of the oath with the Secretary of State.
It must be initially noted that the Governor is specifically vested with authority to appoint the members of the Health Services Commission under Section 1 of Act 593 of 1987. (See also, amendments contained in Act 40 of the First Extraordinary Session of 1987). The question then, under the facts outlined in your correspondence, is whether this position remained open, notwithstanding your execution of an appointment document on April 13, 1988, until the oath of office was taken by your appointee.
A determination that the position was in fact vacant during the interim between the appointment and the oath must be premised upon the assertion that the Governor's appointment is not effective until the appointee takes the oath of office. I do not believe that this accurately reflects the law. While there appear to be no Arkansas cases directly on point, the Arkansas Supreme Court has stated the following with respect to the appointive power:
 The law generally is that the choice of a person to fill an office is the essence of an appointment and that the selection must be the discretionary act of the officer or board clothed with the power to do the appointing.
Ellis v. Rockefeller, 245 Ark. 53, 59, 431 S.W.2d 848 (1968), (citation omitted). It may reasonably be concluded from the foregoing that the Arkansas Supreme Court would agree with the statement in Corpus Juris Secundum that "[t]he power of appointment is exercised and exhausted by the initial naming of the party to the office." 67 C.J.S. Officers 42 p. 312 (1978). It is also stated therein that a commission is ordinarily not essential to the validity of an appointment, even if a commission is required by law. Id. at 44, p. 315. And where the issuance of a commission is not made by law a necessary part of the appointment, the appointment is complete when the choice of the appointing officer has been made. Id; see also, State v. Johnson, 17 Ark. 407
(1856). It may be significant to note in this regard that A.C.A. 21-2-101, which specifies the officers required by law to be commissioned by the Governor, would not appear to extend to Health Services Commission members appointed under either Act 593 of Act 40.
Article 19, 20 of the Constitution of Arkansas governs the oath of office required of all State and county officers, and states as follows:
 Senators and Representatives and all judicial and executive, State and county officers, and all other officers, both civil and military, before entering on the duties of their respective offices shall take and subscribe to the following oath of affirmation: `I, ___________, do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the office of _______________, upon which I am now about to enter.' While it is clear from a reading of Art. 19, 20 that the oath must be taken before the officer may enter on the duties of the office, it does not necessarily follow that the office is vacant until the oath is taken. Where the time within which an appointee must qualify is not fixed by law, he or she must qualify within a reasonable time. See, 67 C.J.S. Officers 45 p. 316 (1978).
The six (6) day interval in this case between the appointment and the oath would appear to be reasonable. You apparently took all steps necessary to effect an appointment on April 13, 1988. It may be concluded that the following statement in Corpus Juris Secundum will apply: "Once a power of appointment has been validly exercised, any subsequent appointment to the same office will be void unless the incumbent has been removed or the office has otherwise become vacant." 67 C.J.S. Officers 43 p. 314. (1978). As previously noted, it may be concluded that a vacancy did not exist simply by virtue of the fact that the oath was not taken until six (6) days after the appointment was made.
It is therefore my opinion, in response to your specific question, that the Senate President Pro Tem's subsequent appointment did not terminate your prior appointment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.