## CRAIG *v.* GRADY.

### Opinion delivered December 8, 1924.

1. COUNTIES—RATIFICATION OF UNAUTHORIZED CONTRACT.—Conceding without deciding that a contract of a county court for the employment of an accountant to audit the books of the county officers was invalid when made because there was no unexpended appropriation, the county court, after an appropriation for general county purposes, had authority to ratify the original contract.

2. COUNTIES—EFFECT OF RATIFICATION OF CONTRACT.—Where a county contract for the auditing of the county books was entire, though it provided for partial payment as earned, a subsequent ratification of the contract, originally invalid for. want of an appropriation, invalidated partial payments made before the ratification.

3. APPEAL AND ERROR—DEFENSE ARISING AFTER APPEAL.—Where, after a decree dismissing a taxpayer's complaint in a suit to enjoin performance of a county's contract, because of its invalidity, such contract was ratified and validated, defendants were entitled to plead such validation in bar of plaintiff's right to appeal.

Appeal from Prairie Chancery Court; *John E. Martineau,* Chancellor; appeal dismissed.

*Gregory & Holtzendorff,* for appellant.

*Coleman, Robinson & House,* for appellee.

*Per Curiam.* The county court of Prairie County on October 11, 1924, entered into a written contract with an accountant to audit the books of all the county officers, and the contract specified the amount and terms of payments to be made to the accountant as compensation for the services rendered. Appellant is a citizen and taxpayer of that county, and he instituted an action in the chancery court to restrain the county judge and the county clerk from proceeding with the performance of said contract.

It is alleged in the complaint that, at the time the contract was entered into between the county and the accountant, there was no unexpended appropriation for the payment of general county expenses, and that the county had no authority to enter into the contract, but

that the accountant had begun work under the contract, and that the county court had made an allowance of $440.51, payable out of the general county funds, to cover the first installment of the payments under the contract. The prayer of the complaint was that the county judge and the county clerk, and also the county treasurer, be enjoined from further proceeding towards the performance of the contract or payment of compensation to the accountant thereunder.

An answer was filed, and the cause was heard on an agreed statement of facts to the effect that there was no specific appropriation made by the quorum court of Prairie County for the purpose of paying for the auditing of the books of county officers, and that the appropriation for general county purposes for the current fiscal year had been entirely expended. The chancery court rendered a decree dismissing the complaint for want of equity. An appeal has been prosecuted to this court, and appellant applies for a temporary injunction to restrain the officers from proceeding under the contract during the pendency of this appeal.

Appellees have brought into the record here copies of the record of the county court showing that, since the rendition of the decree below, the quorum court of Prairie County, at the regular October term, has made an appropriation for general county purposes, which is unexpended, and that the county court has, at a regular session, made an order ratifying and approving the original contract of October 11, 1924. This additional record is pleaded in bar of appellant's right to prosecute the appeal on the ground that the question involved has become moot, in that the contract has been ratified, and that there has been an appropriation of funds by the county court to pay for the services rendered thereunder by the accountant.

Conceding, without deciding, that the contract was void and unenforceable at the time of its execution because of the fact that there was no unexpended appropriation of funds, the county court had full power, after the appro-

priation had been made by the quorum court, to enter into a contract with the accountant to audit the books of the several county officers, and the ratification of the original contract was valid for the reason that it was tantamount to making a new contract. *Leatham & Co. v. Jackson County*, 122 Ark. 114.

The statute (Crawford & Moses' Digest, § 1982) does not require specific appropriations other than those mentioned, but there is a clause in the section of the statute referred to above providing for an appropriation for "such other expenses of county government as are allowed by the laws of this State," hence an appropriation under this head is sufficient to embrace the expense of auditing the books of the county officers. If the original contract was void, it was merely because there was no appropriation, and, since there was authority on the part of the county court at the time of the ratification to execute a new contract, such ratification gave validity to the contract and made it enforceable. The fact that a warrant was issued to the accountant for compensation earned under the original contract does not render the ratification ineffectual. The contract with the accountant was an entire one, and, notwithstanding it provided for partial payments as earned, the ratification reached to the whole contract and validated the compensation already earned. To the extent of services already performed and compensation earned, the effect is the same as if the work was performed after ratification.

It follows that the question originally presented in the case has become moot on account of the subsequent action of the county court and quorum court, and appellees have a right to plead such further proceedings in bar of appellant's right to prosecute the appeal. *Church v. Gallic*, 76 Ark. 423.

The petition for injunction is denied, and the appeal is dismissed.