State use of Prairie County v. Leathem & Company.

## Opinion delivered April 19, 1926.

1. Judgment—res judicata.—A judgment in a prior case between the same parties that a contract made by the county court, when there was no appropriation available to meet the expense involved, was ratified by the quorum court subsequently making an available appropriation, is not *res judicata* as to the question of the validity of warrants subsequently issued in excess of such appropriation.

2. Counties—warrants in excess of appropriation.—Under Crawford & Moses' Dig., § 1976, providing that "in no event shall any county court or agent of any county make any contract in excess of any such appropriation made," etc., *held* that warrants issued under a contract of the county court for an amount in excess of the appropriation available for payment thereof are void.

3. Counties—auditing of accounts.—Under the general powers conferred by Const., art. 7, § 28, and Crawford & Moses' Dig. § 2279, the county court is authorized to enter into contracts to have the books of the county and the accounts of its officers audited.

4. Counties—auditing of accounts—appropriation.—It is not necessary that a specific appropriation be made to defray the expense of auditing the books and accounts of county officers, in order to justify the county court in entering into a contract for that purpose.

Appeal from Prairie Chancery Court, Northern District; *John E. Martineau*, Chancellor; reversed.

*W. J. Waggoner, W. H. Gregory* and *Murray O. Reed,* for appellant.

*Coleman, Robinson & House,* for appellee.

Wood, J.   On October 11, 1924, the county court of Prairie County entered into a written contract with an accountant to audit the books of all county officers.   The contract specified the amount and terms of payments to be made by the county as compensation for the services rendered.   A citizen and taxpayer of Prairie County instituted an action in the chancery court to restrain the county officers from performing the contract, on the ground that the contract was void because, at the time it was entered into, there was no unexpended appropria-

tion for the payment of general county expenses. That cause was heard on an agreed statement of facts, in which it was stated that there was no specific appropriation made by the quorum court for the purpose of paying for the audit of the books of county officers, and that the appropriation for general county purposes for the current fiscal year had been entirely expended. The trial court dismissed the complaint for want of equity, and on appeal to this court an additional record was lodged here, showing that the quorum court of Prairie County at its regular session had made an appropriation for general county purposes, which appropriation was unexpended, and that the county court, on October 30, 1924, the same being a day of the regular term of that court, entered an order ratifying and approving the original contract of October 11, 1924. This court, in passing upon the above facts, said: "Conceding, without deciding, that the contract was void and unenforceable at the time of its execution because of the fact that there was no unexpended appropriation of funds, the county court had full power, after the appropriation had been made, by the quorum court, to enter into a contract with the accountant to audit the books of the several county officers, and the ratification, of the original contract was valid for the reason that it was tantamount to making a new contract." *Craig* v. *Grady,* 166 Ark. 344. The court further found that, under authority of § 1982, C. & M. Digest, providing for an appropriation for "such other expenses of county government as are allowed by the laws of this State," an appropriation under that head would be sufficient to authorize the ratification, of the contract of October 11, 1924, which was tantamount to the making of a new contract. The court thereupon dismissed the appeal, holding that the contract of October 11, 1924, was valid, and entered a decree denying the petition for injunction. Thereafter, on January 23, 1925, this action, was instituted by the State for the use of Prairie County against E. F. Leathem & Company and the treasurer and collector of Prairie County. It was

alleged in the complaint, among other things, that the contract entered into by the county court with Leathem & Company for the audit of the accounts of the officers of Prairie County was fraudulent and void for various reasons; among others, because county warrants had been issued to Leathem & Company under the contract in the sum of $7,134.99, which sum was far in excess of the appropriation made by the quorum court; that such was the situation at the October term, 1924, of the county court, when the contract of October 11, 1924, was ratified. The plaintiff prayed that the collector be enjoined from accepting any of the warrants issued under the contract in payment of taxes, and that the treasurer be enjoined from paying any of said warrants, and that the contract, upon a final hearing of the cause, be canceled, and the outstanding warrants issued thereunder be also canceled.

The defendants, in their answer, denied the material allegations of the complaint, and pleaded the former decree of the Prairie Chancery Court and of this court, on appeal above mentioned, as *res judicata* of the present action. The undisputed facts in the record are to the effect that the quorum court of Prairie County had duly appropriated the sum of $5,000 on October 22, 1924, for general county purposes. This was the amount of the appropriation for general county purposes when the county court, on October 30, 1924, entered an order ratifying the contract of October 11, 1924. Warrants have been issued under the contract as ratified amounting in the aggregate to the sum of $7,134.99. It was shown that warrants in the sum of $2,551.20 were ordered issued by the county court to Leathem & Company after the general appropriation had been wholly expended.

The view we have reached makes it unnecessary to set forth any of the testimony except that bearing upon the issue of whether or not the warrants issued under the contract to the extent of the excess over the appropriation made to defray county general purposes are void. The trial court found that the contract and warrants issued thereunder were valid, except certain war-

rants for which the county received credit, and not in dispute here, and rendered a judgment dismissing the complaint for want of equity, from which is this appeal.

1. The case of *Craig* v. *Grady,* 166 Ark. 344, and the judgments of the trial and Supreme Court in that case, are not *res judicatae* of the issues joined in the present action. The only issue raised in the case of *Craig* v. *Grady, supra,* was whether or not the contract of October 11, 1924, was invalid because at the time it was entered into there was no appropriation to meet the expenses that would be incurred under the contract. This court held that the contract, after it was made, was ratified by the county court, and that at the time of the ratification, there was an appropriation to meet the expenses of county government, and that such ratification made the contract valid. While in legal effect the parties to that action were the same as in this, that is, the interests of the county on one side and that of Leathem & Company on the other, in determining the validity of the contract, nevertheless the issue was not the same, and, so far as this record discloses, there is nothing to show that the contract was then assailed, or that it could have been attacked, because of the fact that at the time of its ratification the appropriation for general county purposes had been exhausted. There is nothing in this record to show that at the time the contract of October 11, 1924, was ratified, warrants had been issued in excess of the appropriation for general county purposes in the sum of $2,551.20.

In *Craig* v. *Grady, supra,* it appears that, at the time the contract was ratified, there was an unexpended appropriation for general county purposes, and there is nothing in this record to show that at that time the warrants in controversy had been issued. To be sure, if the warrants now in controversy had not been issued at the time of the ratification of the contract then the contract was not subject to challenge on that ground. So the issue here as to the validity of these warrants was not raised in *Craig* v. *Grady, supra,* and could not have been

raised, and the judgments in that case are not *res judi-catae* of the issue here raised as to the validity of the warrants issued in excess of the appropriation for county general purposes.

2.  Section 1976 of C. & M. Digest provides that: ''No county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor and is wholly or in part unexpended, and in no event shall any county court or agent of any county make any contract in excess of any such appropriation made, and the amount of such contract or contracts shall be limited to the amount of the appropriation made by the quorum court.''  This section is an amendment of § 5 of the act of March 18, 1879, which provides as follows:  ''No county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor and is wholly or in part unexpended.''

In *Durrett* v. *Buxton*, 63 Ark. 397, and *Hilliard* v. *Bunker*, 68 Ark. 340, we held that it is not essential to the validity of contracts for the building of county court-houses and jails that there should first be an appropriation made therefor, because these are covered by special statutes upon the subjects; but in all other cases, not covered by special statute, and involving the expense of county general government, we have held that it is a prerequisite to the validity of such contracts that there shall first be an appropriation therefor.  See *Fones* v. *Erb*, 54 Ark. 657; *Wiegel* v. *Pulaski County*, 61 Ark. 77.  While it was a prerequisite to the validity of contracts involving the general expense of county government, except those named, that there be first an appropriation for such expense, such contracts, before the amendment to the act of March, 1879 (§ 1976, C. & M. Digest), were not invalid because they were not limited to the amount of the appropriation for the purposes named.  But, under the express language of the above amendment, ''in no event shall any county court or agent of any county

make any contract in excess of any such appropriation made, and the amount of such contract or contracts shall be limited to the amount of the appropriation made by the quorum court.'' Before this amendment was enacted we said that it was the purpose of the act of 1879 ''to prevent the county court from making unnecessary, improvident and ruinous contracts.'' *Durrett* v. *Buxton, supra.* Such being the purpose of the original act, certainly the amendment was intended to more completely effectuate that object. We conclude therefore that the warrants issued under the contract in excess of $5,000, the amount of the appropriation made for general county purposes, are absolutely void.

In *Scott County* v. *Advance-Rumley Thresher Co.*, 288 Fed. 739, at page 747, the Circuit Court of Appeals, passing on an Arkansas contract made by the county court for the purchase of a tractor for road work, when there was no appropriation by the quorum court for road work, and when the amount exceeded the sum appropriated for other expenses of county government, referring to § 1976, C. & M. Digest, *supra,* said: ''Before the amendment to the act referred to it had been held by the courts of Arkansas and by the Federal courts that, where a contract had been made, if there was any appropriation, the contract could exceed the appropriation, but the amendment of 1917 to the original act seems to have been for the particular purpose of preventing that in the future.'' The court held that the action of the court in making the contract under these circumstances was void.

We have held in quite recent cases that it is within the jurisdiction of the county court to enter into contracts to have the books of the county and the accounts of its officers audited. *Leathem & Co.* v. *Jackson County*, 122 Ark. 114; *Buron* v. *Little River County*, 165 Ark. 535. But we do not hold in those cases, and have not held in any case, that it is within the power of the county court to enter into such contracts either where no appropriation has been made or where the appropriation for gen-

eral county expenses has been exceeded in the amount of the consideration of such contracts. It is not necessary that a specific appropriation be made to defray the expense of auditing the books and accounts of officers of the county in order to justify the county court in entering into a contract for that purpose. This does not fall within the category of objects for which special appropriations must be made, under the acts of May 31, 1909, § 2, p. 902, § 1982, C. &. M. Digest, subdiv. sixth, (1-6). But it does come within the category of (7), to-wit: "to defray other expenses of county government as are allowed by the laws of this State." *Craig* v. *Grady, supra.* There is no special statute making it the duty of the county court, in specific terms, to employ an auditor to audit the accounts of the officers of the county. Hence we do not have before us the question of the validity of a contract which the officer was specifically directed by special act of the Legislature to enter into. Therefore the case of *Nevada County* v. *Printing Co.,* 139 Ark. 502, upon which counsel for appellees rely, has no application. That case, however, is authority for holding that a claim on a contract cannot be allowed and warrants issued thereunder and paid where no appropriation has been made for its payment. But, as we have already stated, the county court has power, under the general powers conferred upon it by our Constitution and laws, to enter into contracts for the auditing of the accounts of county officers. See § 28, article 7, Constitution; § 2279, C. & M. Digest.

As we have seen, the case of *Craig* v. *Grady, supra,* is *res judicata* as to the validity of the contract and warrants issued thereunder in all particulars to the extent of the appropriation made for general county purposes when the contract was ratified. But it follows from what we have said that the contract for an amount exceeding this appropriation and the warrants issued and directed to be paid in excess of such appropriation are null and void. The learned trial court erred in not so holding. The decree is therefore reversed, and the cause

will (be remanded with directions to cancel the outstanding warrants in favor of the appellees in the sum of $2,551.20, and to perpetually enjoin the collector from receiving, and also the treasurer from receiving and paying, such warrants.