JOHNSON *v*. DONHAM.

4-3986

Opinion delivered July 1, 1935.

*Price Shofner,* for appellant.
*Fred A. Donham,* for appellee.

BUTLER, J. On the first Monday in January, 1935, the quorum court of Pulaski County made the following appropriations for the office of prosecuting attorney:

"Salaries ........................................$17,500.00
"Contingent expenses ............ 2,500.00
"Library ............................................ 2,500.00."

The prosecuting attorney's office is situated in the Pulaski County courthouse. The purpose of the appropriation for the library of $2,500 was to enable the purchase of a law library to be located in the office of the prosecuting attorney, and this suit is to enjoin its purchase. The court below denied the prayer of the complaint, and the case is here on appeal.

There are several questions raised by the appellant, but there is no occasion to notice any except the first, namely, has the quorum court the authority to appropriate county funds to purchase a law library for the use of the prosecuting attorney's office? The appellee contends that this authority is found in § 28, art. 7 of the Constitution, and § 2279 of Crawford & Moses' Digest. We are cited to the cases of *State use of Prairie County*

v. *Leathem & Co.,* 170 Ark. 1004, 282 S. W..367, and *Craig* v. *Grady,* 166 Ark. 344, 266 S. W. 267, as authority for the position assumed.

Section 28, art. 7 of the Constitution, authorizes the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concern of respective counties.

That part of § 2279 of Crawford & Moses' Digest quoted by appellee as sustaining his contention is as follows: "The county court of each county shall have the following powers and jurisdictions: * * * to have the control and management of all the property, real and personal, for the use of the county; to have full power and authority to purchase or receive by donation any property, real or personal, for the use of the county, and to cause to be erected all buildings and all repairs necessary for the use of the county; to sell and cause to be conveyed any real estate or personal property belonging to the county, and appropriate the proceeds of such sale for the use of the county; to disburse money for county purposes, and in all other cases that may be necessary to the internal improvement and local concerns of the respective counties."

We are referred to no particular clause in the constitutional provision, or the section of the Digest, quoted *supra,* which is thought to uphold the contention here made. We discover no express provision giving to the court the power to expend money for the purpose of purchasing a law library, nor can we find any from which that power might be implied. The "county purposes" for which the county's money may be disbursed are those purposes which promote the welfare of the county as a whole and of its citizens—such as, the erection of county buildings, bridges over county roads, and such other purposes as would promote the general health and welfare of its citizens—and could hardly be extended to include the purchase of a law library for the use of a State or district officer as is the prosecuting attorney. This is true, although the title to the books purchased might be in the county.

Section 2279 authorizes the county court to purchase real or personal property for the use of the county. The intention of the act is not to authorize the purchase of any and all kinds of personal property, but only such as is necessary for the conduct of the affairs of county government, as court records, furnishing for county buildings, food and clothing for county prisoners and the like.

The effect of the decisions cited *supra* is, that where an express power is given the implied power arises to do those things necessary to carry the express power into effect. The point in those cases was that, as the county court was the general fiscal agent of the county with supervisory power over the collection and preservation of county funds, it has the implied power to employ an expert accountant to examine the accounts of its officers clothed with the authority to collect and disburse revenues. We perceive no principle announced in those cases applicable to the instant case. Our conclusion therefore is that the provisions of the Constitution and statute relied upon confer no authority, either express or implied, for an expenditure of the funds of the county such as is sought to be prevented in this case.

Appellee cites, as ample authority for the contemplated purchase, § 4 of act 74 of the Acts of 1933, which is as follows: ''The prosecuting attorney of each of said districts shall be allowed the sum of eight thousand five hundred ($8,500) dollars per annum for the contingent expenses of his office, including telephone, telegraph, postage, printing, office supplies and equipment, office rent, stationery, traveling expenses, special services, operation of cars, and such other expenses which, within the discretion of the prosecuting attorney, are a proper expense of the office; and, also include necessary expenses in connection with the proper investigation of trials before the grand jury or any court of the county.'' If we give effect to the act cited, it affords no authority for the contention of the appellee. That act provides for $8,500 to be allowed the prosecuting attorney as ''contingent expenses of his office.'' As ''contingent expenses,'' it names expenses for certain specific items and

concludes with: "such other expenses, which, within the discretion of the prosecuting attorney, are a proper expense of the office." If we treat the phrase, "such other expenses" as relating to the expenses for the specific items named, then the expenses allowable would be only for items of the same generic class as the items specifically named. A law library cannot, by any legitimate construction, be deemed to come within the class of any of the specified items. This phrase "such other expenses" must therefore relate to the ordinary "contingent" expense of the office—that is, such expenses as might ordinarily be expected to arise in the conduct of the office, but which might not occur. It must be conceded that the discretion given the prosecuting attorney in the expenditure of the $8,500 is unusually broad, but we do not think it can be legitimately stretched so as to give authority for the purchase contemplated.

From the views expressed it follows that the decree of the trial court must be reversed, and the cause is remanded with directions to grant the prayer of appellant's complaint.