PRESSLEY *v.* DEAL, COUNTY JUDGE.

4-4144

Opinion delivered February 10, 1936.

218

M. E. Vinson, for appellant.

J. L. Bittle, for appellee.

McHANEY, J. Appellee is the county judge of Cleburne County, and on the first Monday in January, 1934, the quorum court of said county appropriated out of the county general funds the sum of $300 to pay the expenses of the county judge for the ensuing year. On March 5, 1934, appellee filed his claim for expenses in the sum of $107 for the months of November and December, 1933, and January and February, 1934. He presented the claim to himself as county judge, allowed it and ordered it paid out of said appropriation. On April 14, 1934, appellant, as a citizen and taxpayer, intervened and appealed from said order of allowance to the circuit court. On a trial in the circuit court, the claim was approved and judgment rendered in favor of appellee. Appellant in apt time filed a motion for a new trial which was sustained, and the judgment set aside. The case was again heard by the circuit court, testimony presented, and the case taken under advisement until the September, 1935, term of court. In the meantime, on December 31, 1934, appellee filed another claim against the county, in the sum of $110.62, which was allowed and ordered paid out of the same appropriation, and appellant again appealed from the latter order. The two appeals were consolidated for trial, and the court again found for appellee, and rendered judgment in his favor on both claims on the ground that the appropriation was not made to enlarge the county judge's salary; "that the appropriation for expenses was not made to defray the expenses of the county judge as such, but, because of the excessive amount of work necessary to be done outside the official duties of the county judge, and necessary to procure work and work projects for the unemployables under the several relief agencies then operating in Cleburne County." This appeal challenges the validity of such judgment.

The electors of Cleburne County adopted an initiated salary act at the general election held November 8, 1932. Section 1, of said act, fixes the salary of the county and probate judge at $1,000 per annum to be paid out of the county general fund, and $200 per annum as road commissioner of the county, to be paid out of the unapportioned road funds of the county. This act does not provide for the payment of any expenses of the county judge.

Section 1892 of Crawford & Moses' Digest, provides what appropriations shall be made by the quorum court. It provides, in subdivision No. 7, that said court shall make an appropriation, "to defray such other expenses of the county government as are allowed by the laws of this State." Under this subdivision, it was held by this court in *Nevada County* v. *News Printing Company,* 139 Ark. 502, 206 S. W. 899, that it was the duty of the levying court to levy and appropriate sums sufficient to pay printing claims allowed against the county under the Publicity Act of 1915, page 1511. In other words, the quorum court has the power to make an appropriation to defray such other county government expenses as are allowed by the laws of this State, in addition to those specifically mentioned under the six preceding subdivisions. It is contended by appellee that subdivision No. 7, above quoted, gives the quorum court authority to make the appropriation here involved. It will be noticed that the other expenses mentioned for which an appropriation may be made must be such "as are allowed by the laws of this State." We have been unable to find in the laws of this State, and none has been called to our attention by counsel, where authority is given for the quorum court to appropriate money to pay expenses of the county judge. We do not think that *Easterling* v. *Cook,* 175 Ark. 574, 299 S. W. 1009, is authority for the contention here made. On the contrary, we are of the opinion that the recent case of *Johnson* v. *Donham,* 191 Ark. 192, 84 S. W. (2d) 374, announces the principle that controls this case. It was there held that there was no authority in the law for the county court to purchase a law library for the use of the prosecuting attorney.

We have not reviewed the evidence on which the judgment of the circuit court was based. We think the good faith of the quorum court in making the appropriation, and the good faith of the county judge in making the allowances to himself are unquestioned. But good faith does not give authority to do an act not authorized by law. Since, as we have shown, there is no authority in law for the quorum court to make the appropriation, the act of the county court in allowing the claim in his favor is illegal and void.

The judgment of the circuit court is therefore reversed, and the cause remanded, with directions to disallow the claims, and to cause his order of disallowance to be certified to the county court for its action thereon.