WHITE *v.* CHOTARD, COUNTY TREASURER.

4-6423                                        152 S. W. 2d 552

Opinion delivered June 9, 1941.

*W. W. Grubbs,* for appellant.

*J. R. Parker,* for appellee.

GRIFFIN SMITH, C. J.   November 5, 1940, an initiated salary law was adopted by the voters of Chicot county. Section 2 provides: ''The county judge . . . shall receive as his salary, to cover, all and singular, his services and duties as county judge, judge of the juvenile court, judge of the court of common pleas, road commissioner, and county farm supervisor, and any and all other services rendered by him to the county, the sum of $2,500, and no more.  The county judge shall serve as road commissioner; and the quorum court shall have the right to make a reasonable appropriation from road funds of the county for an expense account to him as such road commissioner, not to exceed, however, the sum of $500 per year.''

In January, 1941, the quorum court appropriated $900 to pay salary of a secretary to the county judge, $400 for rent and expenses of the welfare department, and $600 for county sewing rooms.

The county judge employed a road superintendent at $150 per month.  An automobile was purchased for use of the judge as road commissioner, and for use of the salaried employe who had been designated road superintendent.

Claims have been filed covering the activities enumerated.  With the exception of the judge's salary it was sought, by injunction, to prevent payment.  The chancellor held there was no authority for the county judge to employ a secretary, and granted relief as to that item.  An appeal was taken.  It was held that other contested claims were proper expenses of the county, and they were directed to be paid.  From that order there is an appeal.

Under previous holdings of this court county salary acts are valid if properly enacted; and while and where they are in effect, their provisions must be looked to for authority to pay salaries if the person to whom payment is alleged to be due is embraced within such special act or if by necessary implication it is authorized.

In the instant case the county judge is to be paid $2,500 annually.  There was no thought by those who

drafted the salary act, or by the electors who adopted it, that the judge would require a secretary. If the people had intended he should be thus accommodated, or if they had felt that duties of the office required additional help, it is reasonable to suppose authority for the payment would have been expressed. In the absence of such authority, the item cannot be allowed.

It is stipulated that Chicot county owns two large diesel-driven caterpillar tractors with graders and various attachments for road building, also three large diesel-driven maintainers, and two small gasoline-driven motor maintainers. There are more than 800 miles of public roads in the county.

It is insisted that the county judge has not the time nor the experience to superintend operation of the machinery, etc. This may be true. Still, in adopting the salary act the people of Chicot county directed that the county judge should be road commissioner, and authorized the quorum court to make a reasonable appropriation from road funds "for an expense account to him as such road commissioner." Surely here is strikingly clear language denoting an intent that the county judge should supervise road work.

In 1929, by general act No. 97, p. 502, salaries of county judges were fixed. Section two of the act made such judges ex-officio road commissioners and provided that half of the salary might be paid from the county road fund, or county highway fund. The purpose of act 97 in superimposing a new duty—that of road commissioner —was implicit. No other construction would be rational. And so in respect of the Chicot salary act. There is nothing left for conjecture; and authority for enactment of the measure is found in Amendment No. 7 to the Constitution. Therefore, in spite of art. 7, § 28, of the Constitution, the act controls,[1] because supported by constitutional authority to that end.

---

[1] "The county court has exclusive original jurisdiction in all matters relating to county taxes, roads, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties."

Although the county judge is made road commissioner, the term is only slightly varied when a "superintendent" is employed. Whether the employe is called "superintendent," or "commissioner," the result is the same—an additional salary item of $150 per month, as to which nothing is to be found in the local act of 1940.

Expense of the county judge as road commissioner may aggregate $500 a year—no more—and there is no authority for buying an automobile for the so-called superintendent; nor may the county judge pass upon claims he files covering expense items. *Ladd* v. *Stubblefield,* 195 Ark. 261, 111 S. W. 2d 555.[2]

It is our view that payments of rent and expenses of the welfare department, and payments for county sewing rooms, were proper. In *Johnson* v. *Donham,* 191 Ark. 192, 84 S. W. 2d 374, it was said, in effect, that in authorizing disbursement of money for county purposes, art. 7, § 28, of the Constitution, contemplates those purposes which promote the welfare of the county as a whole.

That part of the decree denying salary for a secretary to the judge and allowing payments to be made from the appropriation of $400 for rent and expenses of the welfare department, and from the appropriation of $600 for county sewing rooms, is affirmed. Allowance of salary to the road superintendent is reversed. Payment for an automobile for use of the county judge as road commissioner may be made from the appropriation of $500; provided, however, that all other expenses for the year shall likewise come from the same appropriation; and provided, further, that when allowances of expense items in favor of the county judge are made, the rule announced in *Ladd* v. *Stubblefield, supra,* is not violated.

Nothing herein is intended to prohibit the county judge from employing competent men to handle county machinery and equipment, such employment to be from time to time as necessity may require.

[2] In *Ladd* v. *Stubblefield, supra,* it was said: "Sec. 20, art. 7, of the Constitution, provides that 'No judge or justice shall preside in the trial of any cause in the event of which he may be interested.' The county court, as county judge, being ex-officio road commissioner, was not competent to pass upon the road commissioner's expense account."