·Martin *v*. Bratton, County Judge.

5-264                                    264 S. W. 2d 635

Opinion delivered February 15, 1954.

*W. F. Reeves* and *N. J. Henley*, for appellant.

*Eugene W. Moore* and *J. Smith Henley*, for appellee.

Ed. F. McFaddin, Justice. This is a proceeding brought by appellants as Taxpayers of Searcy County, Arkansas, against appellees as County Judge, Clerk, and Treasurer, of Searcy County, challenging the validity of appropriations made by the Quorum Court of Searcy County in a special session.

Martin, *et al.,* as Taxpayers, filed this injunction suit against Bratton, *et al.,* as County Officials, alleging, *inter alia,*[1] that Bratton as County Judge called the Quorum Court of Searcy County into special session on May 4, 1953; that among other items, there was an attempted appropriation of $20,000 ". . . from the County General Fund to allow the County Judge to use it as he sees

[1] The complaint also attacked the order calling the Quorum Court into special session, and the validity of other appropriations. These may be presented when the case is tried on remand.

fit and deems necessary.'' The complaint alleged: ''That the appropriation of the $20,000 from the General County fund was not authorized by law, to be used by the County Judge for any purpose which he thought a public necessity.''

Bratton and the other County Officials demurred to the complaint; and the Chancery Court order sustaining the demurrer recited:

''. . . the demurrer . . . is hereby sustained insofar as the petition of plaintiffs relates to the proceeding of the Quorum Court of Searcy County, Arkansas; and that the plaintiffs decline to plead 'further in relation thereto; . . .''

The Court then ascertained by stipulation that there would be sufficient revenue to pay the $20,000 appropriated and sustained the appropriation as against the attack made.

On this appeal the appellants insist that the $20,000 appropriation was not for a purpose allowed by law.[2] So the question posed is the validity of an appropriation of money ''to allow the County Judge to use it as he sees fit and deems necessary.'' The answer to this contention necessitates a study of our Constitution, Statutes, and cases,[3] regarding the County Quorum Court and the purposes for which it can lawfully appropriate money.

Art. 7, § 30 of our Constitution says:

''The justices of the peace of each county shall sit with and assist the county judge in levying the county taxes, and in making appropriations for the expenses of the county in the manner to be prescribed by law; . . .''

___

[2] Appellants say in their brief: "The sustaining of the demurrer prevented the uncovering of the intentions of the defendant Bratton to get the whole of the county general funds in his hands to spend for anything he desired, . . ."

[3] For other cases—in addition to those cited herein—involving various questions arising in connection with Quorum Courts, see: *Polk County* v. *Mena Star*, 175 Ark. 76, 298 S. W. 1002; *Ladd* v. *Stubblefield*, 195 Ark. 261, 111 S. W. 2d 555; *Cotham* v. *Coffman*, 111 Ark. 108, 163 S. W. 1183; *Watson* v. *Union Co.*, 193 Ark. 559, 101 S. W. 2d 791; and *Jeffery* v. *Trevathan*, 215 Ark. 311, 220 S. W. 2d 412.

Section 17-401, Ark. Stats., fixes the time for the annual meeting of the Quorum Court, and concludes with this sentence:

"In case of emergency, the county court may call a special meeting of said (quorum) court, and a majority shall have jurisdiction and power to act upon any matter authorized by law and designated in the order calling such meeting."

Section 17-409, Ark. Stats., provides the order of business at the annual meeting of the Quorum Court, and in the 7th sub-division of the paragraph numbered "Sixth," says that the Quorum Court shall make appropriations ". . . to defray such other expenses of county government *as are allowed by the laws of this state.*" [4] From the italicized language, it is clear that, at the annual meeting, the Quorum Court can only make such appropriations for expenses of County government ". . . as are allowed by the laws of the state." Certainly a special meeting of the Quorum Court could have no greater power in that respect than is possessed by an annual meeting; so this appropriation must be tested against the "laws of the State" to see if it is a valid appropriation.

Counsel for appellees have cited us to no Statute or case and our search has likewise failed to discover any—that allows the Quorum Court to turn over $20,000, or any other amount, to the County Judge "to use it as he sees fit and deems necessary." That such an appropriation is not within the purview or spirit of our Statutes is shown by a study of § 17-412 and § 17-414, Ark. Stats. These provisions clearly envision (1) that all appropriations by the Quorum Court must be for a specific purpose allowed by law; (2) that after the appropriation is made, then any allowance of a claim against that appropriation must be by the *County Court* and not by the *County Judge;* and (3) that the County Court order of allowance must specify the appropriation against which the claim is allowed before the money can be drawn out of the Treasury. Although the County Judge presides over the

---

[4] Italics our own.

County Court, it is the *County Court* that makes the order of allowance, and not the *County Judge.* Art. 7, § 28, of the Constitution so provides. See also *Lyons* v. *Pike County,* 192 Ark. 531, 93 S. W. 2d 130. In the case at bar, the Quorum Court by its appropriation of the $20,000 "to allow the County Judge to use it as he sees fit and deems necessary," attempted to entirely by-pass the functions of the County Court, because the appropriation was to be used by the County Judge, rather than by the County Court.

A study of our adjudicated cases further demonstrates the invalidity of such attempted appropriation. In *Presley* v. *Deal,* 192 Ark. 217, 90 S. W. 2d 757, the Quorum Court appropriated a sum of money to pay what it considered to be unusual expenses of the County Judge. This appropriation was challenged and held invalid. This Court cited what is now subdivision 7 of § 17-409, Ark. Stats., and said:

"It is contended by appellee that subdivision No. 7, above quoted, gives the quorum court authority to make the appropriation here involved. It will be noticed that the other expenses mentioned for which an appropriation may be made must be such 'as are allowed by the laws of this State.' We have been unable to find in the laws of this State, and none has been called to our attention by counsel, where authority is given for the quorum court to appropriate money to pay expenses of the county judge. We do not think that *Easterling* v. *Cook,* 175 Ark. 574, 299 S. W. 1009, is authority for the contention here made. On the contrary, we are of the opinion that the recent case of *Johnson* v. *Donham,* 191 Ark. 192, 84 S. W. 2d 374, announces the principle that controls this case. It was there held that there was no authority in the law for the county court to purchase a law library for the use of the prosecuting attorney."

The language just quoted is determinative of the case at bar. There is no provision in the Statute that allows the Quorum Court to turn over $20,000, or any other sum of money, to the County Judge "to use as he sees fit and deems necessary." Clearly the Chancery

Court was in error in sustaining the demurrer to that portion of the complaint involving such appropriation.

The appellees argue that the questions heretofore just discussed are now moot because the fiscal year of the County has expired and the $20,000 has probably been spent. But that does not make moot this case involving public funds. In *Dotson* v. *Ritchie,* 211 Ark. 789, 202 S. W. 2d 603, there were involved some questions growing out of an election contest, and it was claimed that the lapse of time had made the case moot. We reviewed the contention and said:

" 'It is urged, however, that the case is now moot, and should be dismissed for that reason. It is moot in the sense that we cannot now afford appellant petitioner any relief, but is not moot in the sense that it is important to decide a practical question of great public interest, which may arise in any future election.' "

If the money has been illegally spent, the law provides a method whereby a recovery may be attempted. The point here at issue is whether the appropriation was valid. The fact that there may be further pursuit of any money illegally expended certainly keeps this case from being moot.

Due to the peculiar state of the record, we think this cause should be remanded in order that the case may be fully developed. When the Trial Court sustained the demurrer of the County Officials, the Trial Court limited all issues to the question of the amount of revenue to come into the Treasury. It is possible that the defendants may desire to introduce the records as to the wording of the Quorum Court appropriation order; or they may desire to show that the Quorum Court was assembled after due and regular notice [5] and for a purpose authorized by law. All of these matters should be allowed to the defendants. So, due to the peculiar state of this record, we reverse the decree and remand the cause, with directions to overrule the demurrer of the defendants and

[5] As to special meetings of Quorum Court, see *Cleveland Co.* v. *Pearce,* 171 Ark. 1145, 287 S. W. 593.

allow the defendants to offer whatever pleas they desire, and for the case to be developed in full by both sides as to all points and matters covered in the pleadings. It is so ordered.