American Disinfecting Company, Inc. v. Franklin County.

Opinion delivered April 28, 1930.

660

*J. C. Benson,* for appellant.

*R. S. Wilson,* for appellee.

HART, C. J., (after stating the facts). Section 1976 of Crawford & Moses' Digest reads as follows:

"No county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor, and is wholly or in part unexpended, and in no event shall any county court or agent of any county make any contract in excess of any such appropriation made, and the amount of such contract or contracts shall be limited to the amount of the appropriation made by the quorum court."

This section of the Digest applies to Franklin County, and the sheriff had no authority to purchase the disinfectant from appellant. There was no showing

made that an appropriation had been made which would warrant the purchase of the disinfectant; and, in the absence thereof, the purchase could not be made. *Madison County* v. *Simpson,* 173 Ark. 755, 293 S. W. 34.

In the absence of an appropriation for the purchase, the county judge could neither have made such a contract on his own motion, nor have ratified the contract made by the sheriff. In *Leatham & Co.* v. *Jackson County,* 122 Ark. 114, 182 S. W. 570, it was held that the county court might ratify an unauthorized contract made in behalf of the county, if the contract was one the county could have made in the first instance. The object of providing in advance for the appropriation was to prevent an expenditure for county purposes of an amount greater than the current income. Amendment No. 10, Constitution of Arkansas; *State use of Prairie County* v. *Leathem,* 170 Ark. 1004, 282 S. W. 367; *Dixie Culvert Co.* v. *Perry County,* 174 Ark. 107, 294 S. W. 381; and *Polk County* v. *Mena Star,* 175 Ark. 76, 298 S. W. 1002.

It follows that the judgment of the circuit court was correct, and it will be affirmed.