CITY OF DAMASCUS, et al. *v.* Faren BIVENS, d/b/a
BIVENS CONSTRUCTION CO.

86-222                                          726 S.W.2d 677

Supreme Court of Arkansas
Opinion delivered April 6, 1987

*Phil Stratton* and *Casey Jones, Ltd.*, by: *Phil Stratton*, for
appellants.

*Brazil, Clawson & Adlong*, by: *William Clay Brazil*, for
appellee.

DAVID NEWBERN, Justice. The issue presented in this appeal
is whether a city which obtains physical improvements pursuant
to an illegal contract may be held liable for the value of the
improvements. We agree with the trial court's judgment that it
may, and thus we affirm.

In his complaint, the appellee, Bivens, alleged that in July,
1985, he entered into a contract with the appellant City of

Damascus, and the named mayor and city council members, whereby he would reseal streets in the city for $16,262. He alleged the city had made a $3,000 down payment but had failed to pay further. He sought a judgment for $13,362.

The appellants responded that the contract was void for failure to publish notice to receive bids as required by statute. The appellants counterclaimed for the $3,000 paid to the appellee, claiming it was an illegal exaction.

The appellee responded that the contract was not invalid and that the appellants should be estopped from claiming its invalidity.

A hearing was held in which the parties stipulated that the appellee was approached by the appellants to submit a proposal for street repairs. The appellee's proposal was accepted by a vote of the city council. A contract was entered, and the city did not advertise for bids or take any other bids.

Only the appellee testified. He said that, at the time he entered the contract, he had no knowledge whether the city was taking bids or asking for proposals other than his. From the following testimony it appears that the court raised the prospect of considering recovery by the appellee on the theory of unjust enrichment or contract implied in law or *quantum meruit* before the witness testified:

By Mr. Stratton [counsel for the appellants]:

Were you ever notified by the City that they had some questions about the quality of your work?

By Mr. Brazil [counsel for the appellee]:

Your Honor, I'm going to object to getting into that. It is not raised, it is not pled.

The Court: What is the purpose of it, Mr. Stratton?

Mr. Stratton: Well, your Honor, as we discussed in chambers, if the Court finds a certain situation to imply certain rules of law to the fact as he understands them, then it's a question of damages, whether it's the contract price or the value received.

The Court:   Well, that sounds like quantum meruit.

Mr. Stratton:   You'd have to apply that and I think it will take some evidence on that, your Honor.

The Court:   I'll hear it for whatever I might determine its value to be. I will not consider any incompetent evidence. Even though I hear it and it turns out to be it was incompetent, I will not consider it. The difference is we don't have a jury here and I'm not going to be misled.

No further evidence was taken on the value of the services provided by the appellee.

In a letter opinion, the court found the appellee had no knowledge whether the appellants followed the law with respect to bids on the project. He found the appellee thought he was repairing the streets pursuant to a valid contract, but that the appellants had not met the requirement of Ark. Stat. Ann. § 14-611 (Supp. 1985) that notice of intention to receive bids be published. In the following paragraph of his opinion the judge clearly concluded the city would be unjustly enriched if the appellee were not allowed to recover:

> I conclude the plaintiff is entitled to recover even though the contract was not valid at time of execution. The city has gained the benefits of plaintiff's work under a contract plaintiff thought was valid. The benefits cannot be returned. The city would be unjustly enriched if the plaintiff were denied recovery.

The judgment awarded the appellee $13,362.

We find that the unjust enrichment principle is firmly embedded in Arkansas law in the context of work performed pursuant to illegal contracts made by political subdivisions such as cities and counties. We alluded to it as recently as 1980 in a case where we ultimately found a valid contract to exist. *McCuistion* v. *City of Siloam Springs*, 268 Ark. 148, 594 S.W.2d 233 (1980). We have permitted restitution based on unjust enrichment even when the associated contract was "void." *City of Little Rock* v. *The White Co.*, 193 Ark. 837, 103 S.W.2d 58 (1937); *International Harvester Company* v. *Searcy County*, 136 Ark. 209, 206 S.W. 312 (1919). *Cf. Revis* v. *Harris*, 219 Ark. 586, 243

S.W.2d 747 (1951).

■ When the recovery is based on unjust enrichment, as opposed to damages for loss occasioned by breach of contract, the award is measured by the value of the benefit conferred upon the party unjustly enriched. *Yaffe Iron & Metal Co.* v. *Pulaski County*, 188 Ark. 808, 67 S.W.2d 1017 (1934).

■ The appellant argues that by awarding the balance due on the contract[1] the trial court was enforcing the contract rather than awarding the value of the services. That is not necessarily so. We have held that if the party against whom an unjust enrichment award is levied has not shown that the value of the benefit conferred is less than the payment called for in the contract, it is not error to base the unjust enrichment award on the contract price or that which has already been paid pursuant to the contract. *Revis* v. *Harris, supra; Gladson* v. *Wilson*, 196 Ark. 996, 120 S.W.2d 732 (1938). The contract price is some evidence of the value of the benefit conferred. *See* D. Dobbs, *Remedies*, pp. 269, 949 (1973).

The appellant cites *Republic Power & Service Company* v. *Gus Blass Co.*, 165 Ark. 163, 263 S.W. 785 (1924), for the proposition that where a contract is illegal, the claimant may not recover unless he can do so without any aid from the illegal transaction. That is so where the recovery sought must be based upon the contract, but it is not so where the recovery is for unjust enrichment.

Affirmed.

---

[1] As noted above, the contract price stated in the complaint was $16,262. The appellee alleged he had been paid $3,000 but was entitled to a judgment for $13,362, or $100 more than the difference. Also the parties stipulated the appellee had been paid $491 in addition to the $3,000 alleged. Arguably, the court's award was $591 over that which the appellee could have recovered under the contract. As the appellants have not argued excessiveness of the award, however, we will not consider any possible error in its calculation.