Bill SISSON *v.* Geraldine RAGLAND

87-250                                745 S.W.2d 620

Supreme Court of Arkansas
Opinion delivered February 29, 1988
[Rehearing denied March 28, 1988.]

*M. Watson Villines II*, for appellant.

*F.N. "Buddy" Troxell*, for appellee.

DAVID NEWBERN, Justice. This action was dismissed by the trial court on the basis of the statute, now codified as Ark. Code Ann. § 17-22-103 (Supp. 1987), which prohibits the bringing of an action by an unlicensed contractor to enforce a contract to construct a building, other than a single family dwelling, for $20,000 or more. We reverse and remand the case because the dismissal motion was untimely and was entertained by the court despite an objection on that ground.

The appellant makes two arguments on appeal alternative to his point on the untimeliness of the dismissal motion. First, he claims that, even if the statute prevents his recovery in contract,

his plea for recovery in quantum meruit should not have been dismissed. Second, he asserts the trial court erred in finding the parties entered into only one contract for more than $20,000 when that determination should have been left to the jury. We address these two issues in case they arise on remand.

The appellant, Bill Sisson, is a contractor who agreed to erect a building to house a beauty shop for the appellee, Geraldine Ragland. It is undisputed that the initial contract price was $15,000. After substantial work had been done on the building, and Mr. Sisson had been paid $5,000, a dispute arose as to the degree to which Mr. Sisson was to finish the building. Ms. Ragland had issued a check to Mr. Sisson for an additional $7,500, but she stopped payment on it when she became aware that the parties had different notions of that which was to be built by Mr. Sisson. After negotiations, Ms. Ragland released the check, and Mr. Sisson did more work. He was thus paid $12,500. He sued Ms. Ragland for breach of contract, seeking damages for lost profits in the amount of $5,000 and for $9,052 which he still owes material suppliers on the project. In the alternative, he sought recovery in quantum meruit for the value of the services he rendered to Ms. Ragland.

Mr. Sisson's complaint was filed February 8, 1985. On February 19, 1987, one week before the case was to go to trial, Ms. Ragland moved for dismissal on the basis of § 17-22-103. At a hearing on the motion, Mr. Sisson objected to the motion on the ground that it was untimely as it was not made until within ten days of trial. The motion did not cite a basis in the rules of procedure; however, if it was an assertion of any of the grounds stated in Ark. R. Civ. P. 12(b), other than lack of subject matter jurisdiction, it was untimely if not made before pleading on the merits. Ms. Ragland had long since answered the complaint when she filed the motion. If, however, the motion was an assertion of lack of subject matter jurisdiction, it was not untimely. *See* Ark. R. Civ. P. 12(h)(3). The court ruled that the motion asserted lack of subject matter jurisdiction and proceeded to take testimony on the question whether the contract was one for more than $20,000. The action was dismissed.

### 1. Subject matter jurisdiction

We have not previously ruled on the question whether § 17-22-103 presents a question of jurisdiction, but we are certain it does not. Jurisdiction has to do with the power and authority of a court to act. *See Mark Twain Life Ins. Corp.* v. *Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984). By stating, in § 17-22-103(d) that "[n]o action may be brought either at law or in equity to enforce any provision of any contract entered into in violation of this chapter," a party may be provided an affirmative defense to such an action, but the jurisdiction of the court is not affected.

The situation is analogous to the defense created by the Wingo Act which precluded foreign corporations which had failed to comply with the act from making any contract in this state which could be "enforced in law or in equity." *See* Ark. Code Ann. § 4-27-104(c) (1987). *Cf.* Ark. Code Ann. § 4-27-502 (Supp. 1987). This type statute creates an affirmative defense of illegality to an action on a contract. *Leasing Associates, Inc.* v. *Slaughter & Sons, Inc.*, 450 F.2d 174 (8th Cir. 1971). It does not affect the court's jurisdiction of the subject matter.

### 2. Quantum meruit

Even if the motion could have been characterized as a timely challenge to the complaint, questioning whether it had stated facts upon which relief could be granted, the motion would have gone only to the contract claim and would, in any event, have left standing Mr. Sisson's alternative plea for relief in quantum meruit. Quantum meruit is a claim for unjust enrichment which does not involve enforcement of a contract. *Dews* v. *Halliburton Industries, Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986). A quantum meruit claim may succeed even where it is pursued in the alternative to a contract which is void. *City of Damascus* v. *Bivins*, 291 Ark. 600, 726 S.W.2d 677 (1987).

### 3. Contract for $20,000 or more

The appellant contends there were two construction contracts, each for less than $20,000 and thus the statute does not apply. The appellee claims there was only one contract for more than $20,000.

■■ The parties presented conflicting evidence regarding the existence of more than one contract. Even if a dismissal motion or motion for judgment on the pleadings is treated as one for summary judgment, it should not be granted if a fact question remains. *See* Ark. R. Civ. P. 12 and 56 and *Maas* v. *Merrill Associates*, 13 Ark. App. 240, 682 S.W.2d 769 (1985). Given our conclusion that this issue was not one upon which the court's jurisdiction rested, it is clear the court should not have attempted to resolve it. The question is one of fact if it arises upon remand.

Reversed and remanded.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. Lawyers should make a note to put this case in their legal tricks notebook. Merely by uttering the incantation "quantum meruit" an unlicensed contractor can now avoid Ark. Code Ann. § 17-22-103(d) (1987).

The same is true regarding the Wingo Act, which generally prohibits non-resident corporations from enforcing contracts made in Arkansas when they are not authorized to do business in Arkansas. *Dews* v. *Halliburton Industries, Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986).