## WOODHAVEN HOMES, INC. *v.* KENNEDY SHEET METAL CO.

90-330                                      803 S.W.2d 508

Supreme Court of Arkansas
Opinion delivered February 4, 1991

*Leslie W. Mattingly*, for appellant.

*J.R. Buzbee*, for appellee.

ROBERT H. DUDLEY, Justice. Woodhaven Homes, Inc., the appellant, is a general contractor which contracted with Proffitt Enterprises to build a Bonanza Restaurant in Bentonville. The appellant general contractor entered into a written sub-contract with Kennedy Sheet Metal Company, Inc., the appellee, to perform the plumbing, heating, air conditioning, and ventilation work and to supply some of the materials used in the building. The consideration for the sub-contract was $67,403.00. The sub-contract provided that the general contractor could direct the sub-contractor to change or modify its work and that, in such an event, the sub-contractor would submit in writing claims for adjustments in the contract sum. The appellee sub-contractor was licensed as a heating, air-conditioning, and plumbing contractor, but was not licensed as an electrical contractor.

After the appellee sub-contractor started work, the general contractor changed some of the plans. Further changes occurred throughout the construction period. Appellant general contractor did not draw up change orders for many of the changes it requested, and, in addition, after the construction had started, the parties verbally agreed that the sub-contractor would perform the electrical work for an additional consideration of $35,000.00. A written change order was issued for $6,800.00 worth of electrical work. Near the end of the work the appellee sub-contractor submitted to appellant general contractor a bill for "electrical extras" in the amount of $15,535.83. The general contractor refused to pay this amount. The sub-contractor also submitted to the general contractor a bill for "plumbing extras" in the amount of $2,818.70. The general contractor refused to pay for these "extras." The general contractor paid all other amounts due. The sub-contractor then filed suit in circuit court for the "extra" amounts. Upon the motion of the sub-contractor and over the objection of the general contractor, the circuit court transferred the case to chancery court. The Chancellor held in favor of the appellee sub-contractor. The general contractor appeals. We affirm the ruling of the Chancellor.

Prior to 1989 the Contractor's Licensing Statute provided that no action could be brought by an unlicensed contractor to enforce any construction contract. Ark. Code Ann. § 17-22-103(d) (1987). In 1988, we interpreted the statute to mean that an unlicensed contractor could recover under the theory of

quantum meruit, which is a claim for unjust enrichment and does not involve enforcement of a contract. *Sission* v. *Ragland*, 294 Ark. 629, 745 S.W.2d 620 (1988). In 1989, after the *Sission* case had been decided, and after the work in this case had been completed, the General Assembly passed an amended version of the statute which now provides there may not be a recovery under the theory of quantum meruit. Ark. Code Ann. § 17-22-103(d) (Supp. 1989). The Chancellor refused to retroactively apply the 1989 amendment and awarded the appellee sub-contractor a quantum meruit recovery for the "electrical extras." Appellant contends the 1989 amendment should be retroactively applied.

■ The general rule is that all legislation is presumed to apply prospectively unless the legislature expressly declares, or necessarily implies by the language used, an intent to give a statute retroactive effect. *Arkansas Rural Med. Practice Student Loan & Scholarship Bd.* v. *Luter*, 292 Ark. 259, 729 S.W.2d 402 (1987). Here, there is no declaration in the act, either expressed or implicit, that it is to be applied retroactively. Further, a statute will not be given a retroactive application when it takes away a vested right unless such be the "unequivocal and inflexible import of the terms and the manifest intention of the legislature." *Id.* at 292, 729 S.W.2d at 403. Here, under the case of *Sission* v. *Ragland, supra,* the appellee sub-contractor had a vested right to file a claim under the theory of quantum meruit. That vested right will not be taken away unless the "unequivocal and inflexible" language of the act requires it. That is not the case here.

The appellant alternatively argues that, even if the sub-contractor could lawfully recover for its electrical work on the basis of quantum meruit, the trial court committed reversible error in including overhead in the award for quantum meruit.

■ Having found that the appellant general contractor received the benefit of appellee sub-contractor's electrical work, it remained for the Chancellor to find the reasonable value of that work. The measure of quantum meruit recovery in a case where the work is finished is the reasonable value of the goods, services, or product furnished to the party unjustly enriched. *City of Damascus* v. *Bivens*, 291 Ark. 600, 726 S.W.2d 677 (1987). In many situations, such as this case, there is no ready market or

exchange to set a reasonable value on the completed improvement or product. Thus, here it remained for the Chancellor to find the reasonable value of the electrical work. In doing so, she closely examined the appellee sub-contractor's claim and found it asked for the contract price less profit. The Chancellor awarded that amount. The appellant general contractor did not show that the value of the benefit conferred to it was less than that amount.

In a comparable situation we wrote:

> The appellant argues that by awarding the balance due on the contract the trial court was enforcing the contract rather than awarding the value of the services. That is not necessarily so. We have held that if the party against whom an unjust enrichment award is levied has not shown that the value of the benefit conferred is less than the payment called for in the contract, it is not error to base the unjust enrichment award on the contract price or that which has already been paid pursuant to the contract. *Revis* v. *Harris, supra*; *Gladson* v. *Wilson*, 196 Ark. 996, 120 S.W.2d 732 (1938). The contract price is some evidence of the value of the benefit conferred. *See* D. Dobbs, *Remedies*, pp 269, 949 (1973). (Footnote omitted.)

*Id.* at 603, 726 S.W.2d at 679.

Overhead is customarily included in the contract price. Thus, despite appellant's request for us to do so, we will not categorically fix a rule that overhead will never be allowed in determining the reasonable value of the improvement. Overhead, in the form of direct costs such as the rental of tools and equipment, the cost of supervision, the costs of bonds, the cost of casualty and workmen's compensation insurance, and indirect costs such as administrative and office costs, may constitute some evidence of the value of the benefit conferred. McCormick, *Handbook on the Law of Damages* § 165 (1935). Other jurisdictions agree. *Murdock-Bryant Construction, Inc.* v. *Pearson*, 146 Ariz. 69, 703 P.2d 1206 (1984); *Najjar Indus., Inc.* v. *City of New York*, 87 A.D.2d 329, 451 N.Y.S.2d 410 (App. Div. 1982); *Houma Armature Works & Supply, Inc.* v. *Landry*, 417 So.2d 42 (La. App. 1982); *Petropoulos* v. *Lubienski*, 220 Md. 293, 152 A.2d 801 (1959).

Appellant general contractor contends that the Arkansas case law is "crystal clear" that a recovery under quantum meruit is limited to direct costs for labor and materials. For this it cites the cases of *Pickens* v. *Stroud*, 9 Ark. App. 96, 653 S.W.2d 146 (1983) and *Bell* v. *Carver*, 245 Ark. 31, 431 S.W.2d 452 (1968). Neither case so holds. In the *Bell* case, this court was dealing with a partially performed contract which could not be completed because the structure was destroyed by a fire. As a result, the contract could not be completed. We said the contractor could not sue for the full profit he would have made if the fire had not occurred, but instead was limited to a quantum meruit recovery for the work he performed. The *Pickens* case is similar, and the holding was in line with the *Bell* case. Neither case deals with a completed project, and neither holds that a recovery under quantum meruit is limited to direct costs for labor and materials so that overhead may not be considered as some evidence of the value of the benefit conferred.

As a sub-point under this argument the appellant general contractor argues that the appellee sub-contractor was awarded more money than it would have received under the original written contract. The short answer to the argument is that the Chancellor did not award more than the sub-contractor would have received under either the written contract or the oral "extra" agreement.

Appellant general contractor next argues that the trial court committed reversible error in awarding a judgment for the "plumbing extras" when there was no written change order. The argument will not stand, for a written contract may be orally modified, and we cannot say the Chancellor was clearly erroneous in finding that the parties agreed to orally modify this contract. The credibility of witnesses is a matter within the exclusive province of the Chancellor.

The Chancellor awarded $2,818.70 to the sub-contractor for "plumbing extras" pursuant to the oral contract for those extras and, in addition, awarded $11.424.52 for "electrical extras" under the theory of quantum meruit. She additionally made an award of $3,000.00 as attorney's fees. The appellant general contractor contends that the Chancellor erred in awarding attorney's fees to the appellee sub-contractor. We hold there was

no reversible error in the Chancellor's award.

■ The applicable statute, Ark. Code Ann. § 16-22-308 (Supp. 1989) provides that an attorney's fee may be awarded in an action to recover for a breach of contract. Without question, under the language of the statue, the Chancellor could make an award of attorney's fees for the recovery for the breach of the oral contract. The same statute provides that an attorney's fee may be awarded in an action to recover for "labor or services." Clearly, a good part, if not most, of the quantum meruit recovery was for the reasonable value of appellee's labor or services which unjustly enriched the appellant, and an award of attorney's fees on this amount would be allowable under the language of the statute. The statute does not provide for attorney's fees in an action to recover for the materials supplied. However, none of the award for attorney's fees is shown to be based upon materials supplied and, therefore, we cannot say the Chancellor erred in her award of attorney's fees.

Affirmed.