Ms. Diana Scritchfield, Chairman Union County Election Commission c/o Deputy Prosecuting Attorney Union County Courthouse El Dorado, Arkansas 71730
Dear Ms. Scritchfield:
This is in response to your request for an opinion on two questions with regard to a situation which has arisen in Union County. You note that two potential independent candidates for alderman attempted to file their petitions with the county clerk and were given erroneous information by this officer as to the proper filing deadline. The clerk, after consulting with the Secretary of State's office, informed them that the proper filing period was between August 15, and September 4, not more than eighty, nor less than sixty days prior to the general election. You note that the clerk was apparently unaware of a 1985 county ordinance which requires independent candidates to file their petitions by noon the day before the party preferential primaries, which were held on May 25, 1992. At least one of the candidates, you note, attempted to file by the May 25 deadline and was not allowed to file, but was instructed to wait until the August 15 to September 4 period.
The El Dorado City Council, in an attempt to rectify the situation, passed an ordinance retroactively repealing the 1985 ordinance, so as to render the candidates' late filing valid. Your two questions regarding this ordinance are as follows:
 1. Is there a problem with this ordinance because it is retroactive?
 2. Is the new ordinance legal even though it is special legislation?
In response to your questions, some background information on the relevant law is helpful. This office opined in 1990 that in first class cities with the mayor council form of government, the filing deadline for independent candidates was, pursuant to former Act 905 of 1989, not more than eighty, nor less than sixty days prior to the general election. See Op. Att'y. Gen. Nos.90-228 and 90-209, copies of which are enclosed. These opinions concluded that the new state filing deadline created by Act 905, formerly codified at A.C.A. § 14-42-206 (Cum. Supp. 1991), which has now been repealed and replaced by Acts 59 and 430 of 1991, superseded any deadline created by county ordinance under the authority of Act 545 of 1985. In other words, it was the opinion of this office that with the adoption of Act 905 of 1989, any county ordinance requiring a different deadline was void and of no effect in these cities.
The new Acts 59 and 430 of 1991, however, which repealed Act 905, include a provision stating that "nothing in this section shall repeal § 7-1-107 [Act 545 of 1985] which allows municipalities to require independent candidates to file before the preferential primary election." A.C.A. § 14-42-206(e)(1) (Cum. Supp. 1991). Act 545 of 1985, which probably was repealed by implication by Act 905 of 1989, has thus been revived by Acts 59 and 430 of 1991. See Faucette v. Patterson, 140 Ark. 628, 216 S.W. 300
(1919). The 1985 ordinance was thus operative and the independent candidates should have filed by noon the day before the preferential primary.
In response to your first question, it is my opinion that no problem arises from the retroactivity of the new ordinance so long as it does not interfere with vested rights. Although the general rule is that legislation operates prospectively only (Scott v. Consolidated Health Management, Inc., 297 Ark. 601,764 S.W.2d 434 (1989)), legislation can be given retroactive effect where the legislative body expressly declares, or necessarily implies an intent to make legislation retroactive (Woodhaven Homes, Inc. v. Kennedy Sheet Metal Co.,304 Ark. 415, 803 S.W.2d 508 (1991)), and where retroactive operation does not disturb vested rights. Id.
If, as I understand the facts, the effect of the retroactive repeal would be only to make the erroneous filing of two independent candidates valid, and not to render invalid the filing of any candidate, in my opinion no vested rights are disturbed. That is, if no independent candidate filed in accordance with the 1985 ordinance (by noon May 24) such that its repeal would render this person's filing invalid, it is my opinion that the ordinance can lawfully be repealed. No "vested rights" would be disturbed thereby. In my opinion, a party nominee opponent does not have a "vested right" in having a potential independent opponent miss a filing deadline.
It has been stated that:
 The enactment of retrospective municipal legislation may be constitutionally prohibited, but in the absence of such prohibition, there is no rule against retroactive municipal legislation unless it interferes with contract or vested rights. Accordingly, retroactive effect sometimes is given to an ordinance where no constitutional rights are thereby infringed. Municipal legislation is not void because of its retroactive effect, where it merely governs procedure in a contest or issue arising before its passage and does not impair in any way the substantive rights of the parties to the proceeding.
McQuillen, Municipal Corporations § 20.70. See also Statev. Johnson, 17 Ark. 407 (1856).
Sutherland, in his treatise on statutory construction, notes an exception to the general disfavor accorded retroactive legislation:
 An exception also occurs when a law is passed to bring legal rights and relationships into conformity with what people thought they were. This would occur as a result of a failure to conform to legal forms, procedure, requirements, or limitations by reason of some accident or mistake.
Sutherland, Statutory Construction § 41.02 (4th ed.)
Such legislation is often termed "curative" and is upheld where it validates any past action the legislative body might have authorized beforehand, and where it does not disburb vested rights. Green v. Abraham, 43 Ark. 420 (1884). The El Dorado City Countil could have repealed its ordinance any time prior to the events which gave rise to your question; and as such it has authority to repeal it and make the repeal retroactive, so long as vested rights are not disturbed thereby.
Additionally, it has been held that the right to be a candidate for public office is a fundamental one, which should not be curtailed without a good cause. Fisher v. Taylor, 210 Ark. 380,196 S.W.2d 217 (1946). In my opinion this fact would weigh in favor of a court upholding curative legislation securing this fundamental constitutional right.
In response to your second question, it is my opinion that the new ordinance is "legal" despite the assertion that it is "special legislation."
The Arkansas Constitution's prohibition against "special legislation" does not apply to municipal corporations. Rooker v.City of Little Rock, 234 Ark. 372, 352 S.W.2d 172 (1961). In any event, it is my opinion that the ordinance in question is not "special legislation." It has been stated that:
 With reference to whether or not an ordinance is special, the fact that it does not include every conveivable subject does not render it special. Generally, an ordinance that affects alike all persons similarly situated is not void as special legislation. And an ordinance that applies to the entire city is not special legislation. Nor is an ordinance applying to or dealing with a single class necessarily "special law" or objectionable as "class legislation."
McQuillen, Municipal Corporations § 19.13.20.
The fact that the "class" at issue here (independent candidates for El Dorado alderman) includes only two persons does not, in my opinion, render this ordinance special legislation.
It has also been stated, with regard to curative legislation, that:
 Most curative acts are limited in application to past events or transactions and do not operate prospectively. They have not generally been held invalid as special legislation. The past events or transactions which require curative or validating action ordinarily comprise a completed and closed class. An act which cures or validates all of the transactions which suffer from the defect or shortcoming is in fact general and valid. Or if the act is viewed as special because of the fact that is has determinate application, it nevertheless is upheld on the ground that a general law would not be applicable to the needs of the situation.
Sutherland, Statutory Construction § 41.12 (4th ed.)
It is therefore my opinion that the new ordinance is not invalid because it is retroactive (so long as it disturbs no vested rights), nor is it invalid as "special legislation."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures