The Honorable Mark Riable State Representative 16611 Burlington Road Little Rock, Arkansas 72211
Dear Representative Riable:
This is in response to your request for an opinion on a follow-up question to Op. Att'y Gen. 93-014 which addressed several questions concerning Act 5 of 1992 (2nd Ex. Sess.). Specifically, you ask whether this act, which imposes the state sales tax on a number of services (including janitorial services, which were at issue in Opinion No. 93-014), will be applicable to contracts that are in place before March 1, 1993, the effective date of the act. If the answer is "no," you also inquire how long an exemption exists for contracts entered prior to the effective date of the act.
It is my opinion that the answer to your first question is generally "no," as to "entire" contracts or binding contracts which have been entered into prior to the effective date of the act. The sales tax will not be applicable to these contracts. If a particular contract is "severable," however, meaning in reality a number of separate contracts rather than one "entire" contract, the act will be applicable to those portions of the "severable" contracts which begin after March 1. Additionally, a contract which is terminable at will by one party is not a binding contract, and thus, such contracts would not forestall application of the sales tax. In response to your second question, a bona fide contract binding on all parties thereto, will not be subject to the sales tax for the entirety of its term.
Act 5 amends A.C.A. 26-52-301, which levies a tax upon the gross receipts derived from "sales" of certain goods and services. If the "sale" of services, in this case janitorial services, occurred prior to the effective date of the act (as evidenced by a contract), it is my opinion that the tax is not applicable to the sale. To conclude otherwise would give retroactive application to the act. It is held as a general rule that all legislation is presumed to apply prospectively unless the legislature expressly declares or necessarily implies its intent to give a statute retroactive effect. Woodhaven Homes, Inc. v. Kennedy Sheet Metal Co., 304 Ark. 415,803 S.W.2d 508 (1991). There is nothing in Act 5 of 1992 (2nd Ex. Sess.) which expressly declares or necessarily implies that the act is to have retroactive effect. Section 7 of the act merely states that it is to "be in full force and effect on and after March 1, 1993."
If, however, a particular contract for janitorial services is structured such that it is actually a series of separate renewable thirty day contracts, (i.e. the contract is "severable") each month may represent a separate contract and thus a separate "sale," which, if made after the effective date of the act, would be subject to the tax imposed by Act 5.
"When . . . in [a particular] case, the parties . . . probably never thought about whether their contract was entire or severable, and there were periodic payments, [it must be determined] whether there were periodic payments under one contract, or whether there were several different contracts with each contract calling for full payment at its completion." Ellison v. Tubb, 295 Ark. 312, 749 S.W.2d 650
(1988). The question of whether a particular contract is "entire" or "severable," however, is determined from the intention of the parties, and as such is a question of fact. Id.
Additionally, if a particular contract gives one party the right to arbitrarily terminate the contract, the contract is invalid. "Where a party can terminate his promise at will, there is no legal or binding obligation upon him and his promise is therefore insufficient consideration. . . ." 17A Am.Jur.2d Contracts 139 at 155. Such an invalid contract would not forestall the applicability of the sales tax as to "sales" made after the effective date of the act.
It is my understanding that the Revenue Division of DFA will undertake a factual review to determine the applicability of the sales tax to particular contracts.
In response to your second question, it is my opinion that a binding contract entered into prior to the effective date of Act 5 will not be subject to sales tax during the entire term of the contract. This is because the "sale" occurred prior to the effective date of the act. If however, the contract is "severable" and in reality a number of separate "sales," or if the contract is not binding, the sales which occur after the effective date of the act will be subject to the tax.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh