Janette SANDERS and Jerry Sanders d/b/a Sanders-2 *v.*
BRADLEY COUNTY HUMAN SERVICES PUBLIC
FACILITIES BOARD and Bradley County, Arkansas

97-110                                                956 S.W.2d 187

Supreme Court of Arkansas
Opinion delivered December 4, 1997

*Michael R. Davis*, for appellants.

*Haley, Claycomb, Roper & Anderson*, by: *Bruce Anderson*, for appellees.

ROBERT L. BROWN, Justice. Appellants in this case, Janette Sanders and Jerry Sanders d/b/a Sanders-2 (the Sanderses), appeal a summary-judgment order in favor of appellee Bradley County, Arkansas. Bradley County had denied liability on a contract where architectural services had been rendered by the Sanderses. The amount claimed by them was $24,025.00. The Sanderses contend that the Bradley County Human Services Public Facilities

Board, with whom their contract was made, is not a separate body politic but rather is an agent of Bradley County. Moreover, they argue that Bradley County is estopped from denying liability on the contract and that, in any event, Bradley County has been unjustly enriched by the Sanderses' work. We hold that the points raised by the Sanderses are without merit, and we affirm.

On April 17, 1996, the Sanderses filed a complaint in Bradley County Circuit Court against the Bradley County Human Services Public Facilities Board (Facilities Board) and appellee Bradley County. The complaint alleged that the Facilities Board, which had been created by the Bradley County Quorum Court, solicited bids from architects in May 1994 for the purpose of designing a proposed building in Bradley County that would provide office space for the Department of Human Services. According to the complaint, the Facilities Board accepted the Sanderses' bid, and on June 1, 1994, the Facilities Board and the Sanderses signed a written agreement for architectural services.

The Sanderses alleged that after they performed the work, Bradley County was unsuccessful in its efforts to obtain financing for construction of the building. They asserted that, although they demanded payment from both the Facilities Board and Bradley County, payment was not forthcoming. They acknowledged, however, that payment in the amount of $1,180.00 was received from Bradley County as a reimbursement for costs. They asked for judgment against both Bradley County and the Facilities Board in the amount of $24,025.00 plus attorney fees.

In its answer, the Facilities Board admitted that it was created by the Bradley County Quorum Court pursuant to Ordinance No. 262. The Facilities Board also admitted that it entered into a contract with the Sanderses but asserted that the Sanderses knew the contract was contingent on funding for the proposed project, which never occurred. The Facilities Board further stated that the Sanderses were aware that the Facilities Board had no income or assets and that the ability of the Facilities Board to pay was based on its ability to obtain financing through a direct loan or bond issue. The Facilities Board acknowledged that the Sanderses performed certain architectural services. The answer finally stated

that the Facilities Board was dissolved by Ordinance No. 294 of the Bradley County Quorum Court on October 10, 1995.

In its separate answer, Bradley County admitted that the Quorum Court created the Facilities Board and further admitted that the Sanderses entered into a contract with the Facilities Board. Bradley County asserted, however, that the contract was entered into in the name of the Facilities Board, not the County, and that the County did not incur any liability as a result of the Facilities Board's action.

Bradley County next moved for summary judgment on the same ground — that it did not enter into the architectural agreement with the Sanderses. The County claimed that the Facilities Board was a body politic separate and apart from the Quorum Court and that the Facilities Board, which had been dissolved, did not have the authority to obligate the County to a contract. Attached to the summary-judgment motion was an affidavit from LaVern Rice, the Bradley County Judge. In the affidavit, Judge Rice averred that the Facilities Board was indeed a body politic separate and apart from the Quorum Court; that the members of the Facilities Board were not members of the Quorum Court; that Ordinance No. 262 did not empower the Facilities Board with the ability to obligate the County; that the Quorum Court was not consulted about the contract; and that the County Judge did not become aware of the contract until the Sanderses made demand on the County for payment.

In their response to the motion for summary judgment, the Sanderses offered no countervailing proof. Rather, they contended only that the Facilities Board was a creation of Bradley County and that, if it was dissolved, the Board's actions should be imputed to the County.

A hearing was held, and the trial court granted Bradley County's motion for summary judgment. The trial court noted that it was undisputed that Bradley County did not make an appropriation to cover the additional services sued for by the Sanderses, and that pursuant to Ark. Code Ann. § 14-20-106 (1987), the County could not be held liable for a contract under such circumstances. The trial court also explicitly rejected the

Sanderses' arguments for a recovery on the basis of either quantum meruit or unjust enrichment.

The trial court later entered an order acknowledging that the claim against the Facilities Board had not been resolved by its previous order and ruled that there was no just reason for delaying the Sanderses' appeal with respect to the liability of Bradley County under Ark. R. Civ. P. 54(b).

The standard of review for appealing the grant of summary judgment is well established:

> In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law.

*Sublett v. Hipps*, 330 Ark. 58, 62, 952 S.W.2d 140, 142 (1997), *quoting Milam v. Bank of Cabot*, 327 Ark. 256, 261-62, 937 S.W.2d 653, 656 (1997). Furthermore, "[o]nce a party establishes *prima facie* entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a genuine issue of material fact." *Id.*

The General Assembly created public facilities boards by the Public Facilities Boards Act, now codified at Ark. Code Ann. §§ 14-137-101 to -123 (1987 & Supp. 1995). This legislation provides in part that any county is authorized to establish one or more public facilities boards to construct health-care facilities. Ark. Code Ann. § 14-137-106(a)(1) (Supp. 1995). The General Assembly authorized and empowered the boards "[t]o do any and all . . . things necessary or convenient to accomplish the purposes of this chapter[,]" including the ability to succeed perpetually as a

body politic that could sue and be sued in its own name. Ark. Code Ann. § 14-137-111 (Supp. 1995).

██ The Sanderses urge two reasons why this court should reverse the trial court and hold that the actions of the Facilities Board are imputed to Bradley County: (1) the Facilities Board was created by ordinance of the Quorum Court; and (2) the County Judge was responsible for appointing the initial members of the Facilities Board under Ark. Code Ann. § 14-137-108 (Supp. 1995). We view these reasons as essentially a contention that the Facilities Board acted as an agent for Bradley County. Thus, the initial question to be addressed is whether a principal-agent relationship existed between the Facilities Board and Bradley County. In *Taylor v. Gill*, 326 Ark. 1040, 1042-43, 934 S.W.2d 919, 921 (1996), this court said that the two essential elements of an agency relationship are (1) that an agent have the authority to act for the principal and (2) that the agent act on the principal's behalf and be subject to the principal's control. *Id.*, *citing Pledger v. Troll Book Clubs, Inc.*, 316 Ark. 195, 200, 871 S.W.2d 389, 392 (1994).

██ Bearing these elements in mind, we turn to section 14-137-104(c) of the Arkansas Code, which limits the ability of the counties to control the actions of the facilities boards:

> Notwithstanding any other provisions of state law or ordinance of any municipality or county to the contrary, except as otherwise expressly provided in this chapter, none of the powers granted to a board under the provisions of this chapter shall be subject to the supervision or regulation or require the approval or consent of the state, or of any municipality, *county*, or political subdivision of the state, or of any commission, board, body, bureau, official, or agency of the state or any municipality, county, or political subdivision.

Ark. Code Ann. § 14-137-104(c) (1987)(emphasis added). Based on this statutory language, we conclude that the General Assembly has mandated independence between the facilities boards and the counties. This statutory separation is consistent with other provisions of the Public Facilities Board Act. *See, e.g.*, Ark. Code Ann. § 14-137-120(a) (Supp. 1995) (bonds issued by a public facilities board do not obligate the faith and credit of the creating municipality or county); Ark. Code Ann. § 14-137-106(a)(2) (Supp.

1995) (public facilities boards are not administrative boards under the County Government Code).

■ ■ Moreover, we agree with the trial court that there was no appropriation to support the contract. *See* Ark. Code Ann. § 14-20-106 (1987). This fact alone would render the contract unenforceable. *See, e.g., Lyons Machinery Co. v. Pike County*, 192 Ark. 531, 93 S.W.2d 130 (1936); *American Disinfecting Co. v. Franklin County*, 181 Ark. 659, 27 S.W.2d 95 (1930). *Cf. State use Prairie County v. Leathem & Co.*, 170 Ark. 1004, 282 S.W. 367 (1926)(holding warrants issued in excess of appropriations void). Also, the Sanderses failed to abstract Bradley County Ordinance No. 262, leaving this court in the dark as to what powers the Quorum Court conferred on the Facilities Board. *See* Ark. Code Ann. § 14-137-107(2)(A) (1987) (ordinance shall specify powers granted to the facilities board). Hence, we can only speculate about whether the Facilities Board was acting within its conferred powers. This we will not do.

■ We turn next to the Sanderses' claims of unjust enrichment and quantum meruit. Under Arkansas law, a claim for quantum meruit is generally made under the legal theory of unjust enrichment and does not involve the enforcement of a contract. *Sisson v. Ragland*, 294 Ark. 629, 745 S.W.2d 620 (1988); *Dews v. Halliburton Industries, Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986). Nonetheless, a quantum meruit claim can succeed even when it is argued, in the alternative, to a contract that has been declared void. *Sisson v. Ragland, supra; City of Damascus v. Bivens*, 291 Ark. 600, 726 S.W.2d 677 (1987). The amount of a quantum meruit recovery is measured by the value of the benefit conferred upon the party unjustly enriched. *City of Damascus v. Bivens, supra; Yaffe Iron & Metal Co. v. Pulaski County*, 188 Ark. 808, 67 S.W.2d 1017 (1934).

■ In previous decisions, this court has permitted a quantum meruit recovery after a contract with a government entity was declared invalid. *See, e.g., City of Damascus v. Bivens, supra* (city obtained the benefit of physical improvements in the form of resealed streets as a result of an invalid services contract); *Yaffe Iron & Metal Co. v. Pulaski County, supra* (county kept purchase money

even though it did not deliver two bridges that were the subject of a sales contract). Yet, it is clear from our decisions that in order for the legal theory of unjust enrichment to pertain, there must be some enrichment or benefit to the party against whom the claim is made. *See, e.g., City of Damascus v. Bivens, supra.* In *Lyons Machinery Co. v. Pike County, supra,* we defined benefit in terms of whether the county made any *use* of the concrete forms at issue.

In the instant case, there is no proof whatsoever offered by the Sanderses that Bradley County received the architectural plans or made use of them or even knew about the contract with the Sanderses to provide the services. Indeed, according to the County Judge's affidavit, he was not aware of the contract. Thus, the Sanderses failed to meet proof with proof to establish that Bradley County did indeed benefit from the architectural services. A mere allegation that this is the case is not enough to offset summary judgment. *See Sublett v. Hipps, supra.* It is true that counsel for the Sanderses mentioned at oral argument that the County Judge sat as an *ex officio* member of the Facilities Board, which would suggest knowledge. That statement, however, hardly constitutes proof. Moreover, the County Judge specifically averred in his filed affidavit that that was not the case. Given the lack of any proof that the Sanderses' architectural plans have been used, or that Bradley County has been benefitted in any way by them, we reject the quantum meruit claim.

For their final point, the Sanderses argue that Bradley County should be estopped from claiming it did not know what was occurring with regard to the architectural contract. A review of the trial court's order reveals that no ruling was obtained on this theory of relief. The point is, therefore, procedurally barred. *See, e.g., Oglesby v. Baptist Medical Sys.,* 319 Ark. 280, 891 S.W.2d 48 (1995).

Affirmed.