The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, AR 72022-4025
Dear Representative Broadway:
This is in response to your request for an opinion on the following questions:
 1. If a quorum court repeals an ordinance that it had previously passed creating a public facilities board under A.C.A. § 14-137-101, et seq.,
what happens to the assets and liabilities of the public facilities board?
 2. If a quorum court repeals an ordinance that it had previously passed creating a public facilities board, can it by the same or separate ordinance provide that the assets and liabilities of the public facilities board be transferred to and/or assumed by a water users association created by the quorum court?
 3. Do public facilities boards created by a municipality under A.C.A. § 14-137-101, et seq. have the authority to enter into contracts for accomplishment of public facilities projects that are located in part outside the county in which the municipality is located? That is, does Section 14-137-107(b) limit that authority to those projects located in the county where the municipality is located?
RESPONSE
Question 1: If a quorum court repeals an ordinance that it had previouslypassed creating a public facilities board under A.C.A. § 14-137-101, etseq., what happens to the assets and liabilities of the public facilitiesboard?
A review of the Public Facilities Boards Act (A.C.A. § 14-137-101 etseq. (Repl. 1998) fails to yield any guidance on this question. The Act is simply silent with respect to the disposition of assets and liabilities in the event a public facilities board ("board") is abolished.[1] Nor, according to my research, has the Arkansas Supreme Court addressed this precise issue. The court in Sanders v. Bradley Cty.Human Servs. Pub. Fac., 330 Ark. 675, 956 S.W.2d 187 (1997) refused to impute contractual liability of the Bradley County Human Services Public Facilities Board to Bradley County, finding no agency relationship following its conclusion that "the General Assembly has mandated independence between the facilities boards and the counties."330 Ark. at 681. It may thus be concluded, generally, that the liabilities of a public facilities board (and presumably the assets) do not automatically transfer to the county upon the board's dissolution. But apart from this, I cannot opine conclusively as to what happens to the assets and liabilities, absent any legislative guidance or other interpretive case law.
It should be noted that this question in all likelihood also requires that consideration be given to the particular assets and liabilities in question. If, for instance, bonded indebtedness is involved, the trust indenture and surrounding documents would have to be referenced to determine the rights of the parties and the proper disposition of bond proceeds. See A.C.A. §§ 14-137-116 and -121. Regarding assets, all of the surrounding facts and circumstances would have to be considered, including the exact source of funding and the rights of any third parties.
Finally, the ordinance creating the board may be relevant to this question. The ordinance could, I believe, address the matter of disposition of assets and liabilities. See generally A.C.A. § 14-137-107
(regarding the "creating ordinance").
I am thus unable, in the limited format of this opinion, to speculate further about what happens to the board's assets and liabilities following repeal of the creating ordinance. It may well be that having abolished the board, the county quorum court is authorized to direct the disposition of assets and liabilities pursuant to its "local legislative authority." Ark. Const. amend. 55, § 1(a). See also A.C.A. §§ 14-14-801
and -802. Again, however, all of the particular facts and circumstances would have to be reviewed to determine the exact parameters of the quorum court's authority. This matter is therefore appropriately referred to the board's local counsel, as well perhaps as bond counsel depending upon the surrounding facts.
Question 2: If a quorum court repeals an ordinance that it had previouslypassed creating a public facilities board, can it by the same or separateordinance provide that the assets and liabilities of the publicfacilities board be transferred to and/or assumed by a water usersassociation created by the quorum court?
I cannot, for the reasons stated above, offer a simple "yes" or "no" response to this question. If, in resolving the general issue concerning disposition of the assets and liabilities it is determined that the quorum court has local authority, then I believe the particular "water users association" must be identified.[2] Is this a county entity? Ordinarily the term "water users association" refers to a private, nonprofit organization formed for the benefit of its corporate members. Any transfer of public assets by a county to such a private entity would be closely scrutinized, particularly with respect to the supporting consideration. See generally Op. Att'y Gen. Nos. 91-191 (noting that cities and counties are constitutionally prohibited from obtaining or appropriating monies for non-profit corporations, citing Ark. Const. art.12, § 5) and 92-022 (regarding sufficiency of consideration in connection with sale of county real property to a private nonprofit nursing home).
Or perhaps this involves a county subordinate service district? See
A.C.A. § 14-14-708. If it is determined that the quorum court has control of the board's assets and liabilities following repeal of the creating ordinance, then I believe such a transfer of assets or assumption of liabilities may be possible. This question should, however, be addressed by the county's local counsel, who will be familiar with all of the surrounding facts and circumstances.
Question 3: Do public facilities boards created by a municipality underA.C.A. § 14-137-101, et seq. have the authority to enter into contractsfor accomplishment of public facilities projects that are located in partoutside the county in which the municipality is located? That is, doesSection 14-137-107(b) limit that authority to those projects located inthe county where the municipality is located?
It is my opinion that the authority of a municipally-created public facilities board is in all likelihood limited to projects within the county. This conclusion is based upon the language of A.C.A. §14-137-107(b), as there is no other evidence of legislative intent in this regard. This provisions states:
 (b) Unless limited by the creating ordinance, each board created by a municipality shall be authorized to accomplish public facilities projects within or near or partly within and partly near the municipality. Each board created by a county shall be authorized to accomplish public facilities projects within or partly within and partly without the county.
It is well-established that legislative intent is to be discerned from the language employed if a statute is clear and unambiguous on its face.See generally Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985). It is also a familiar rule that the express designation of one thing may properly be construed to mean the exclusion of another. Gazaway v. Green County Equalization Bd., 314 Ark. 569,864 S.W.2d 233 (1993).
Reading § 14-137-107(b) with these principles in mind, I must conclude that although a county-created board may accomplish projects partly outside the county, municipally-created boards are denied this authority. The legislature could easily have extended this authority to municipally-created boards had it so intended. And, in my opinion, its express authorization to county-created boards refutes the argument that municipally-created boards are also so empowered.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure
[1] I assume that this would be the effect of a repeal of the creating ordinance, i.e., the board would be abolished. This office has previously opined in this regard, and I agree, that a public facilities board can, as a general matter, be abolished by ordinance of the city council (or county quorum court in this instance). Op. Att'y Gen. 97-019 (copy enclosed). As noted in that opinion, however, if the ordinance abolishing a public facilities board operates to impair existing contract rights, including rights concerning the issuance of bonds, such action would be unconstitutional. Id. at 3.
[2] Any discussion involving the transfer or assumption of the board's assets and liabilities must, of course, as noted above, take into account the particular assets and liabilities in question, including the rights of third parties.