The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, AR 72022-4025
Dear Representative Broadway:
This is in response to your request for an opinion on the following question:
 If a quorum court has passed an ordinance creating a public facilities board under A.C.A. § 14-137-101, et seq., can the quorum court amend that ordinance to provide limits on the powers of the board, including but not limited to, provisions regarding replacement of the current board members?
RESPONSE
It is my opinion that the answer to this question may depend upon the particular amendment to the ordinance creating the facility board (the "creating ordinance"). See A.C.A. § 14-137-107. With regard, specifically, to provisions involving replacement of current board members, it is my opinion that the answer is "no." Arkansas Code Annotated § 14-137-108 addresses initial appointments, terms of office, successor membership, vacancies, and removal from office. In accordance with a recent amendment to this Code section:
 [s]uccessor members shall be elected by a majority of the board for terms of five (5) years each, unless the bylaws of the public facilities board or the ordinance pursuant to which the public facilities board was formed provides for an alternative means of electing successor members.
A.C.A. 14-137-108(a)(3)(B) (Supp. 1999) (emphasis added).
Thus, the "ordinance pursuant to which the . . . board was formed" (i.e., the creating ordinance) may provide for "an alternative means of electing successor members." Id. This does not, in my opinion, provide authority for amending the creating ordinance to address successor membership. Nor is there any other authority for amendments regarding replacement of current members. It is my opinion that except as provided in Section 14-137-108, above, the replacement of board members is not a matter falling within the quorum court's legislative authority.
The answer to your question is somewhat less clear in the case of any amendments to the creating ordinance that would provide limits on the public facility board's powers. The potential obstacle to such amendments is found in A.C.A. § 14-137-104 wherein it states:
 Notwithstanding any other provisions of state law or ordinance of any municipality or county to the contrary, except as otherwise specifically provided in this chapter, none of the powers granted to a board under the provisions of this chapter shall be subject to the supervision or regulation or require the approval or consent of the
state, or of any municipality, county, or political subdivision of the state, or of any commission, board, body, bureau, official, or agency of the state or any municipality, county, or political subdivision.
A.C.A. § 14-137-104(c) (Repl. 1998).
The "powers granted to a board" are specified in the creating ordinance in accordance with A.C.A. § 14-137-107, which states in relevant part:
 (a) Each public facility board shall be created by ordinance of the governing body. The ordinance:
* * *
(2)(A) Shall specify the powers granted to the board; and
 (B) May place specific limitations on the exercise of the powers granted, including limitations on the board's area of operations, the use of public facilities projects of the board, and the board's authority to issue bonds.
A review of these provisions reveals the potential problem with amending the creating ordinance to provide limits on the board's powers. As a general matter, limitations on the exercise of the board's powers are to be specified in the creating ordinance, pursuant to Section14-137-107(a)(2)(B), supra. Otherwise, as stated by the Arkansas Supreme Court, Section 14-137-104(c), supra, "limits the ability of the counties to control the actions of the facilities boards[.]" Sanders v. BradleyCty. Human Services Pub. Fac., 330 Ark. 675, 956, S.W.2d 187 (1997). The court in Sanders concluded, based on Section 14-137-104(c), that "the General Assembly has mandated independence between the facilities boards and the counties." Id. at 681. The issue in that case involved the county's liability under a contract for architectural services entered into by a facilities board. The court rejected the argument that a principal-agent relationship existed between the facilities board and the county and it refused to impute the board's actions to the county, based on Section 14-137-104(c) and the independence it perceived between the two entities.
This "mandated independence" (Sanders, supra) between the board and the county compels me to conclude that a court will likely view with skepticism any amendments which limit those powers of a board that were specified in the creating ordinance. This is not to say that the quorum court lacks any subsequent authority with respect to those powers. The county confers the powers (see A.C.A. § 14-137-107, supra, and Sanders at 682, wherein the court noted that because the creating ordinance had not been abstracted, it did not know what powers the quorum court had conferred on the board and could only speculate whether the board was acting within its conferred powers). The county thus arguably has the authority to remove or retract those powers conferred. The county cannot, however, supervise or regulate the board's powers. A.C.A.14-137-104(c). Whether this has occurred in any given instance will require reference to the particular amendments in question.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh