The Honorable Bill Scrimshire State Representative 1712 Haltom Road Malvern, AR 72104-2107
Dear Representative Scrimshire:
I am writing in response to your request for an opinion on the following questions concerning a facilities board:
 1. Whether the Quorum Court of the County of Hot Spring, State of Arkansas in its role can lawfully interfere with the handling of the 911 Facility Board's budget. More specifically, whether the Quorum Court can interfere on how the board spends the money and how daily business is performed.
 2. Whether the Facility Board has authority to levy a fee for services based on population.
RESPONSE
In my opinion, the answer to these questions depends largely upon the provisions of the ordinance that created the 911 Facility Board, primarily those specifying the Board's powers and any limitations on its powers. As a general proposition, if the Board is acting within its powers, unlimited by the creating ordinance, then it is an autonomous entity beyond the reach of county regulation. Unknown factual considerations prevent me, however, from opining definitively in response to your questions concerning the Board's budget, its daily business, or the fees that it may levy. Lacking the requisite information to definitively opine on these matters, I must necessarily limit my discussion to the generally applicable principles of law, on the basis of which you can evaluate the particular circumstances giving rise to your request.
Question 1 — Whether the Quorum Court of the County of Hot Spring, Stateof Arkansas in its role can lawfully interfere with the handling of the911 Facility Board's budget. More specifically, whether the Quorum Courtcan interfere on how the board spends the money and how daily business isperformed.
Although I have not been provided a copy of the ordinance creating the "911 Facility Board," I assume that this board was created under the Public Facilities Boards Act of 1975, (A.C.A. § 14-137-101 et seq.
(Repl. 1998 and Supp. 2003)), which authorizes the creation of boards to undertake a variety of public facilities projects. See A.C.A. §14-137-106 (Repl. 1998). As a general matter, such boards can act autonomously within the scope of their powers. This is in accordance with A.C.A. 14-137-104(c) (Repl. 1998), which provides:
 Notwithstanding any other provisions of state law or ordinance of any municipality or county to the contrary, except as otherwise expressly provided in this chapter, none of the powers granted to a board under the provisions of this chapter shall be subject to the supervision or regulation or require the approval or consent of the state, or of any municipality, county, or political subdivision of the state, or of any commission, board, body, bureau, official, or agency of the state or any municipality, county, or political subdivision.
This provision thus establishes the general principle that a county cannot supervise or regulate a public facilities board's powers. This principle was confirmed by the Arkansas Supreme Court in Sanders v.Bradley County Human Services Public Facilities Board, 330 Ark. 675,956 S.W.2d 187 (1997), wherein the court observed that A.C.A. § 14-137-104(c) "limits the ability of the counties to control the actions of the facilities boards[;]" and that "the General Assembly has mandated independence between the facilities boards and the counties." 330 Ark. at 681.
An important caveat attends this principle, however. When considering the autonomy of a public facilities board, reference must be made to the ordinance creating the particular board to determine what powers have been specified and whether the city or county governing body, as the case may be, has placed specific limitations on the board's powers. Under A.C.A. § 14-137-107 (Repl. 1998), the ordinance creating a public facilities board:
(2)(A) Shall specify the powers granted to the board; and
 (B) May place specific limitations on the exercise of the powers granted, including limitations on the board's area of operations, the use of public facilities projects of the board, and the board's authority to issue bonds.
This possible limitation of powers is recognized in A.C.A. §14-137-104(c), supra, wherein it states that none of the powers granted to the board are subject to supervision or regulation "except asotherwise expressly provided in this chapter. . . . (Emphasis added). A public facilities board thus enjoys so-called "qualified autonomy," as expressed by one of my predecessors. Op. Att'y Gen. 2001-324. While it is clear that a county cannot supervise or regulate a facilities board's powers, the extent of a particular board's autonomy cannot be definitively determined without referencing the creating ordinance which specifies the board's powers and any limitations thereon.
Not having seen the creating ordinance in this instance, I do not know what powers have been vested in the 911 Facility Board and I am unable to determine whether the Quorum Court has restricted to any extent the substantive scope of what would otherwise be the Board's statutory authority. This information is essential to a definitive resolution of issues involving the Board's budget or its daily business. With regard to the "budget," it should be noted that additional considerations could come into play, depending upon the nature of the funds at issue. A public facilities board has the general power under A.C.A. § 14-137-111 (a) (5) (Supp. 2003) to charge and collect "rents, fees, and charges" for the use of a project. If this is the "money" to which your question refers, the Quorum Court's financial management authority may not extend to these funds, assuming they are not subject to appropriation and if the creating ordinance specifies no limitations in this regard.[1] In that case, the Quorum Court seemingly would have no authority over budgeting or expenditures. If, however, your question pertains to county funds that must be appropriated,[2] then the Quorum Court might budget expenditures by establishing expenditure categories and line item expenditures. See generally A.C.A. § 14-14-907(b) (authorizing incorporation of a budget into an appropriation ordinance). The funds in that instance must be expended in accordance with the applicable appropriation. See generally A.C.A. § 14-14-1102(b)(2)(C)(i) and Mackeyv. McDonald, 255 Ark. 978, 501 S.W.2d 726 (1974). While there may be limitations on the extent to which the Quorum Court can "interfere" with expenditures under such an appropriation,[3] its authority to budget appropriated county funds is beyond question.
Because I have no information concerning the particular funds or interference at issue, I cannot speculate further in this regard. And as indicated above, I am similarly constrained in my ability to address issues of interference with the Board's daily business, as this also requires reference to the Board's particular powers and any limitations thereon as specified in the creating ordinance.
Question 2 — Whether the Facility Board has authority to levy a fee forservices based on population.
It is my opinion that such a fee might be authorized under A.C.A.14-137-111 (a) (5) which, as noted above, authorizes "rents, fees, and charges for the use of any public facilities project[.]" This provision would not appear to pose an obstacle to a fee based on population. Consistent with the foregoing discussion, however, the Board's authority in this regard may ultimately be determined by the creating ordinance.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The constitutional and statutory appropriation requirement applies only to moneys paid out of the county treasury. See Ark. Const. art. 16, § 12 and A.C.A. § 14-14-1102(b)(2)(C). Although A.C.A. § 14-137-111 does not specify a required disposition of "rents, fees, and charges," I assume that these funds generally are not remitted to the county and are not subject to appropriation by the Quorum Court.
[2] The Public Facilities Boards Act authorizes a board created there under to use "any available funds and revenues for the accomplishment of all or a portion of public facilities projects. . . ." A.C.A. §14-137-115 (a). I interpret this to mean that a facilities board could receive public funds, which under state law must be remitted to the county treasury (A.C.A. § 14-14-1313 (Repl. 1998).
[3] See generally Chaffin v. Arkansas Game and Fish Comm'n,296 Ark. 431, 757 S.W.2d 950 (1988); Op. Att'y Gen. 2000-262 (discussing issues involving legislative encroachment with respect to appropriations, and noting that generally the quorum court lacks authority to administer an appropriation ordinance once made); Op. Att'y Gen. 89-206 (permitting expenditures of appropriation only upon approval of the quorum court violates the separation of powers doctrine).